UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HENRY DESEAN ADAMS,

    Plaintiff,

v.

DAVID O. LIVINGSTON, et al.,

    Defendants.

Case No. 17-cv-00327-YGR (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## I. INTRODUCTION

Plaintiff, who is currently housed at the Martinez Detention Facility ("MDF"), filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that jail officials (including Defendant Contra Costa County Sheriff David O. Livingston) housed him in constitutionally inappropriate conditions. Plaintiff also sues officers from the San Pablo and Richmond Police Departments, who participated in his arrest (including a claim of excessive force at his arrest). Plaintiff's complaint also alleges certain due process and other constitutional violations in his criminal prosecution in the Contra Costa County Superior Court against parties who are immune from suit (including Defendant Deputy District Attorney Mark Peterson[1]) and parties who are not subject to section 1983 liability (including Chief Public Defender Robin Lipetzky[2]). Finally, the Court notes that the complaint neither indicates whether Plaintiff has been convicted of the charges for which he was arrested,[3] nor does it allege that any such conviction was subsequently invalidated.

---

[1] In general, a prosecutor performing an advocate's role is an officer of the court entitled to absolute immunity. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73 (1993). Prosecutors therefore are absolutely immune from liability for their conduct as "advocates" during the initiation of a criminal case and its presentation at trial. *See id.*; *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).

[2] A public defender does not act under color of state law, an essential element of an action under 42 U.S.C. § 1983, when performing a lawyer's traditional functions, such as entering pleas, making motions, objecting at trial, cross-examining witnesses, and making closing arguments. *Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981).

[3] Plaintiff has filed a federal habeas action, in which he indicates that as of January 2017 he had not yet been convicted. *See* Dkt. 1 in Case No. C 17-110 (HRL) (PR). On April 10, 2017, Magistrate Judge Howard R. Lloyd dismissed the petition based on the *Younger* abstention. *See*

Plaintiff seeks injunctive relief. He has been granted leave to proceed *in forma pauperis*.

Venue is proper because the events giving rise to Plaintiff's claims are alleged to have occurred at MDF and in Contra Costa County, which are located in this judicial district. *See* 28 U.S.C. § 1391(b).

The Court now reviews Plaintiff's complaint pursuant to 28 U.S.C. § 1915. For the reasons set forth below, the Court DISMISSES the complaint with leave to amend to correct certain deficiencies addressed below, and directs Plaintiff to provide sufficient information regarding the exhaustion of administrative remedies.

**II. DISCUSSION**

**A. Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633; *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995). To state a claim a plaintiff must show a specific constitutional or federal guarantee safeguarding the

---

Dkt. 6 in Case No. C 17-0110 (HRL) (PR); *see also* Younger v. Harris, 401 U.S. 37, 43-54 (1971) (Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances.).

2

interests that have been invaded. *See Paul v. Davis*, 424 U.S. 693, 697 (1976).

Although a plaintiff is not required to plead "specific factual details not ascertainable in advance of discovery," *Gibson v. United States*, 781 F.2d 1334, 1340 (9th Cir. 1986), he does not state a claim under 42 U.S.C. § 1983 if the allegations in the complaint are mere conclusions, *Kennedy v. H & M Landing, Inc.*, 529 F.2d 987, 989 (9th Cir. 1976); *Fisher v. Flynn*, 598 F.2d 663, 665 (1st Cir. 1979). A complaint must contain sufficient allegations to put defendants fairly on notice of the claims against them. *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). A complaint that fails to state the specific acts of the defendant which violated the plaintiff's rights fails to meet the notice requirements of Federal Rule of Civil Procedure 8(a). *Hutchinson v. United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

**B.  Legal Claims**

    **1.  Constitutional Violations Based on Confinement at MDF and During Arrest**

Plaintiff's pleading is too short on facts for the Court to determine whether any of his

constitutional rights may have been violated. Plaintiff will be given leave to amend so that he may attempt to allege facts showing how his constitutional rights have been violated. Also, for each instance of a constitutional violation, Plaintiff should name each person who violated his constitutional rights, describe what each person did to violate his rights, state where the violation occurred, and *when* certain violations occurred.

As to his claims based on his confinement at MDF, Plaintiff has failed to indicate the exact date of when he was given the "wrong medication," which caused him to "have bury [sic] vision, head-aches, heart problems, [and] stomach pain [which was] severe." Dkt. 1 at 3. Plaintiff also claims he was "threaten[ed] by deputies," but he neglects to mention when this took place. *Id.* Furthermore, Plaintiff has not identified the "individual defendants whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). Naming only Defendant Livingston, the Contra Costa County Sheriff, is not sufficient. There is no respondeat superior liability under section 1983. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Said differently, it is not enough that the supervisor merely has a supervisory relationship over the defendants; the plaintiff must show that the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.* Furthermore, supervisor defendants are entitled to qualified immunity where the allegations against them are simply "bald" or "conclusory" because such allegations do not "plausibly" establish the supervisors' personal involvement in their subordinates' constitutional wrong. *Iqbal*, 556 U.S. at 679. Appropriate defendants would include the deputies who supervised Plaintiff's daily activities, or, more specifically, the persons who provided him with the "wrong medication" or who threatened him.

As to his claim of constitutional violations stemming from his arrest, Plaintiff names the following officers from the San Pablo and Richmond Police Departments: RPD Detective Ken Greco; SPPD Detectives R. White and Spanner; and RPD Officer Kentrail. However, again, Plaintiff's claims lack specific facts, i.e., dates, locations or more details relating to the alleged violation. For example, Plaintiff claims that Defendant Greco, on unknown dates, "wrote bad police reports" and "conducted raids on [his] residen[ce] numerous times without [a] valid

4

warrant." Dkt. 1 at 4. Plaintiff also claims that Defendant Kentrail, on an unknown date and location relating to a "high speed . . . brief foot chase," "beat, assaulted then handcuffed [Plaintiff]." *Id.* Plaintiff also claims that Defendant's Kentrail's "K-9 bit[] [his] arm while other offices held [him] down." Plaintiff does not name these "other officers." Finally, Plaintiff names Defendants White and Spanner in his complaint, but he fails to allege any claims against them.

In his amended complaint, Plaintiff must be careful to allege facts showing the basis for liability for each defendant for each of his legal claims. He should not refer to them as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each involved defendant did or failed to do that caused a violation of his rights. *See Leer*, 844 F.2d at 634. And, again, Plaintiff must provide other identifying information such as dates, times, places, and allegations that plausibly establish liability.

### 2. Exhaustion of Administrative Remedies

A question which must be answered before Plaintiff can proceed with his claims is whether he has exhausted available administrative remedies with respect to each claim.

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Under this section, an action must be dismissed unless the prisoner exhausted his available administrative remedies before he filed suit, even if the prisoner fully exhausts while the suit is pending. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all "available" remedies is mandatory; those remedies need not meet federal standards, nor must they be "plain, speedy and effective." *Id.* at 524; *Booth v. Churner*, 532 U.S. 731, 739-40 & n.5 (2001). Even when the prisoner seeks relief not available in grievance proceedings, notably

5

money damages, exhaustion is a prerequisite to suit. *Id.* at 741. The purposes of the exhaustion requirement include allowing the prison to take responsive action, filtering out frivolous cases and creating an administrative record. *See Porter*, 534 U.S. at 525.

A prisoner's failure to exhaust is a valid ground for dismissal, so long as no exception to exhaustion applies. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir.), *cert. denied*, 540 U.S. 810 (2003). Accordingly, a claim may be dismissed without prejudice if the record shows that the prisoner has conceded that he did not exhaust administrative remedies. *Id.*

Here, some of the claims raised in Plaintiff's complaint do not appear to have been exhausted through the administrative grievance procedure at MDF. Plaintiff claims that he "wrote numerous facility grievances but [has] been refused [at] higher levels of [the] grievance [process]." Dkt. 1 at 2. Plaintiff does not specifically address exhaustion of the grievance procedure at MDF as to each claim, and instead he claims, in a conclusory fashion, that "other than [submitting] facility grievances, [he] did write and send a complaint to the Sheriff himself . . . ." *Id.* at 1. Because Plaintiff did not attach any of his grievance forms, the Court is unable to determine if Plaintiff satisfied the administrative remedies exhaustion requirement on *each* of the claims he alleges, prior to filing his suit.

Accordingly, because some of Plaintiff's claims may not be exhausted, his complaint is DISMISSED with leave to amend in order to prove that he exhausted *all* of his claims against each Defendant before he filed this action. If Plaintiff did exhaust his administrative remedies with respect to any or all of those claims before filing this action, he may amend his complaint to so allege, as set forth below.

**3.** *Heck* **Bar**

Some of Plaintiff's allegations may challenge the validity of his conviction. However, it is unclear whether he has in fact been convicted. Plaintiff may not assert any section 1983 claim that challenges the validity of his conviction as long as the conviction remains in place. The case of *Heck v. Humphrey*, 512 U.S. 477 (1994), held that a plaintiff cannot bring a civil rights action for damages for a wrongful conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render the conviction or sentence invalid, unless that conviction or sentence

6

was already determined to be wrongful. *See id.* at 486-87. A conviction or sentence may be determined to be wrongful by, for example, being reversed on appeal or being set aside when a state or federal court issues a writ of habeas corpus. *See id.* The *Heck* rule also prevents a person from bringing an action that—even if it does not directly challenge the conviction or sentence—would imply that the conviction or sentence was invalid. The practical importance of this rule is that a plaintiff cannot attack his conviction in a civil rights action for damages; the decision must have been successfully attacked before the civil rights action for damages is filed. The *Heck* rule was first announced with respect to an action for damages, but the Supreme Court has since applied the rule to an action that sought declaratory relief as well as damages. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997). If success in the section 1983 action would "necessarily demonstrate the invalidity of confinement or its duration," the section 1983 action is barred no matter the relief sought (i.e., damages or equitable relief), again, unless the conviction has already been set aside. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). In light of the *Heck* problem mentioned above, as well as the rule that a petition for writ of habeas corpus under 28 U.S.C. § 2254 is the exclusive federal avenue to challenge the fact or duration of one's confinement, it is particularly important that the scope of the requested relief be understood so that these rule are not undermined.

### 4. Federal Pleading Standards Under Rule 18(a) and Rule 20

A plaintiff may properly join as many claims as he has against an opposing party. Fed. R. Civ. P. 18(a). Nevertheless, while multiple claims against a single party may be alleged in a single complaint, unrelated claims against different defendants must be alleged in separate complaints. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (finding, under Rule 18(a), prisoner improperly brought complaint raising fifty distinct claims against twenty-four defendants). Further, parties may be joined as defendants only if "there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). As a practical matter, this means that claims involving different parties cannot be joined together in one complaint if the

7

facts giving rise to the claims were not factually related in some way—that is, if there was not "similarity in the factual background." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). General allegations are not sufficient to constitute similarity when the specifics are different. *Id.* The court, on its own initiative, may dismiss misjoined parties from an action, and any claim against a misjoined party may be severed and proceeded with separately. Fed. R. Civ. P. 21.

Here, the Court has determined above that Plaintiff's complaint contains insufficient information with respect to the claims above. At this time, the Court is also unable to determine whether Plaintiff's Eighth Amendment deliberate indifference to medical needs claim is related to his claim of that he was threatened by deputies at MDF, and it is not known whether the two claims involve the same Defendants. As mentioned, Plaintiff also raises claims against the officers who participated in his arrest (including a claim of excessive force at his arrest), and he alleges certain due process and other constitutional violations in his criminal prosecution in the Contra Costa County Superior Court.

In his amended complaint, Plaintiff may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants named therein. Plaintiff **must choose** what claims he wants to pursue that meet the joinder requirements; if he asserts improperly joined claims in his amended complaint, they will be dismissed.

In sum, the court will allow Plaintiff leave to prepare a proper amended complaint that is consistent with federal pleading standards. As explained above, Plaintiff must correct the deficiencies outlined as to each of his claims above. Plaintiff is also advised that for each claim, he must, to the best of his ability, specifically identify each Defendant, and specify what constitutional right he believes each Defendant has violated. Importantly, Plaintiff must allege facts regarding the conduct of each Defendant that he asserts gives rise to that Defendant's liability. A person deprives another of a constitutional right within the meaning of 42 U.S.C. §1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633. There can be no liability under section 1983 unless there is some

affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980).

### III. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's complaint is DISMISSED with leave to amend in order to give him the opportunity to file a **simple, concise and direct** amended complaint which:

    a. States clearly and simply each claim he seeks to bring in federal court as required under Rule 8, and he should:

        i. Set forth **each claim** in a separate numbered paragraph;

        ii. Identify **each Defendant** and the **specific action or actions each Defendant took, or failed to take,** that allegedly caused the deprivation of Plaintiff's constitutional rights; and

        iii. Identify the injury resulting **from each claim**;

    b. Explains how he has exhausted his administrative remedies **as to each claim** as against **each Defendant** *before* he filed this action as required by 42 U.S.C. § 1997e(a), or whether such remedies were "unavailable" to him within the meaning of the statute;

    c. Only alleges those claims that are properly joined under Rule 20(a) (concerning joinder of claims and Defendants) or, stated differently, the amended complaint may only allege claims that:

        i. Arise out of the **same** transaction, occurrence, or series of transactions or occurrences; and

        ii. Present questions of law or fact common to **all Defendants**;

    d. **Does not** make conclusory allegations linking each Defendant by listing them as having direct involvement to his claims without specifying how each Defendant was linked through their actions; and

    e. **Does not** name any Defendant who did not act but is linked solely in his or her respondent superior capacity or against whom Plaintiff cannot allege facts that would establish either supervisorial or municipal liability.

9

2. Within **twenty-eight (28) days** from the date of this Order, Plaintiff shall file his amended complaint as set forth above. Plaintiff must use the attached civil rights form, write the case number for this action—Case No. C 17-0327 YGR (PR)—on the form, clearly label the complaint "Amended Complaint," and complete all sections of the form. Because the amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992). He may not incorporate material from the original complaint by reference. If Plaintiff wishes to attach any additional pages to the civil rights form, he shall maintain the same format as the form, i.e., answer only the questions asked in the "Exhaustion of Administrative Remedies" section without including a narrative explanation of each grievance filed. **Plaintiff's failure to file his amended complaint by the twenty-eight-day deadline or to correct the aforementioned deficiencies outlined above will result in the dismissal of this action without prejudice.**

3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes while an action is pending must file a notice of change of address promptly, specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

4. The Clerk of the Court shall send Plaintiff a blank civil rights complaint form along with his copy of this Order.

IT IS SO ORDERED.

Dated: August 1, 2017

YVONNE GONZALEZ ROGERS
United States District Judge