| | |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | NORTHERN DISTRICT OF CALIFORNIA |

| | | |
|---|---|---|
| HENRY DESEAN ADAMS, | | Case No. 17-cv-00327-YGR (PR) |
| Plaintiff, | | |
| v. | | **ORDER OF SERVICE** |
| DR. JESSICA HAMILTON, et al., | | |
| Defendants. | | |

## I. INTRODUCTION

Plaintiff, who is currently incarcerated at Martinez Detention Facility ("MDF"), filed a civil rights action under 42 U.S.C. § 1983. He has been granted leave to proceed *in forma pauperis*. Dkt. 7. The operative complaint in this action is the second amended complaint ("SAC"), in which Plaintiff alleges violations of the conditions of his confinement at MDF.

Venue is proper because the events giving rise to the claim are alleged to have occurred at MDF, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

On August 1, 2017, the Court reviewed Plaintiff's original complaint pursuant to 28 U.S.C. § 1915A and dismissed the complaint with leave to amend with various instructions to correct certain deficiencies, including that Plaintiff must file an amended complaint that complies with the joinder requirements of Federal Rule of Civil Procedure 20(a). Dkt. 13. The Court provided Plaintiff with the rules regarding joinder of Defendants as well as other pleading requirements. *See id.* Thereafter, Plaintiff filed his amended complaint. Dkt. 14.

On January 19, 2018, the Court reviewed Plaintiff's amended complaint and dismissed it with leave to amend with instructions to correct deficiencies, including that Plaintiff must establish legal liability of each person for the claimed violation of his rights. Dkt. 16.

As mentioned, Plaintiff has since filed his SAC. Dkt. 17. In his SAC, Plaintiff has named the following Defendants: MDF Medical Director Jessica Hamilton; MDF Nurse Provider Paul Manaut; and MDF Pill Call Nursing Staff Nurses Stephanie, Marytest, Mary, Sahara, Samaria, Vince, and Jennifer. *Id.* at 1. Plaintiff seeks monetary damages. *Id.* at 3.

## II. DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements, namely that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Legal Claim

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *See McGuckin*, 974 F.2d at 1059. A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* (citing *Estelle*, 429 U.S. at 104). A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Plaintiff claims that in the month of June 2016, he was provided with the "wrong medication" that caused adverse effects. Dkt. 17 at 3. Plaintiff alleges that he consequently

contracted "H. pylori[1] and a prostate infection" which the MDF medical staff refused to treat. *Id.* Plaintiff further alleges that his blood and urine tests results were abnormal, but Defendants Hamilton and Manaut stated that the tests were normal and "lied about [the] test results on numerous of other occasions," delaying Plaintiff's proper medical attention. *Id.* at 4-5.

Plaintiff also claims he was denied the following requests: (1) to be treated in a timely manner for his H. pylori and prostate infections by Defendants Hamilton and Manaut; (2) to have blood and urine work done for cancer, syphilis, type 2 diabetes, and prostate infection by Defendant Hamilton; and (3) to have proper medication administered to him by the "pill call nursing staff" at MDF, including Defendants Stephanie, Marytest, Mary, Sahara, Samaria, Vince, and Jennifer, after they were told by Plaintiff that the medication caused him illness. *See id.* at 4-6.

Plaintiff alleges that he was successfully treated for the H. pylori infection on May 11, 2017 and for the prostate infection in November 2017.[2] *Id.* Plaintiff alleges that as of January 26, 2018, he still experiences inflammation in the prostate region, as well as similar symptoms and pains. *Id.*

The aforementioned allegations support an inference that Plaintiff has serious medical needs. Liberally construed, Plaintiff's allegations that named Defendants listed above failed to provide adequate medical treatment state cognizable Eighth Amendment claims of deliberate indifference to his serious medical needs against these named Defendants.[3]

## III. CONCLUSION

For the foregoing reasons, the Court orders as follows:

---

[1] Helicobacter pylori (H. pylori) is a type of bacteria that lives in the digestive tract and can cause ulcers.

[2] Plaintiff indicates that he was treated for the prostate infection in "November 20*18*." Dkt. 17 at 4 (emphasis added). However, Plaintiff seems to have made a typographical error, and the Court assumes he meant November 20*17*.

[3] Plaintiff contends he has filed administrative appeals on this issue which have never been answered. Dkt. 17 at 1-2. It thus appears he has not exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a). If the allegations that his appeals have not been answered are true, however, it may be that administrative remedies are not "available" within the meaning of the statute. This is an issue better resolved at a later stage of the case.

1. Plaintiff states a cognizable Eighth Amendment claim for deliberate indifference to his serious medical needs against the named Defendants.

2. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the SAC and all attachments thereto (Dkt. 17), and a copy of this Order to the following Defendants: **MDF Medical Director Jessica Hamilton; MDF Nurse Provider Paul Manaut; and MDF Pill Call Nursing Staff Nurses Stephanie, Marytest, Mary, Sahara, Samaria, Vince, and Jennifer**. The Clerk shall also mail a copy of the SAC and a copy of this Order to the Contra Costa County Counsel's Office. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

3. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and SAC. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, Defendants will be required to bear the cost of such service unless good cause can be shown for the failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

4. Defendants shall answer the SAC in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

   a. No later than **sixty (60) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion must be

supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[4] notice so that Plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. However, the Court notes that under the new law of the circuit, in the rare event that a failure to exhaust is clear on the face of the SAC, Defendants may move for dismissal under Rule 12(b)(6), as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a defendant as an unenumerated Rule 12(b) motion). Otherwise, if a failure to exhaust is not clear on the face of the SAC, Defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. *Id*. If undisputed evidence viewed in the light most favorable to Plaintiff shows a failure to exhaust, Defendants are entitled to summary judgment under Rule 56. *Id*. But if material facts are disputed, summary judgment should be denied and the district judge, rather than a jury, should determine the facts in a preliminary proceeding. *Id*. at 1168.

If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

         b.         Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** after the date on which Defendants' motion is filed.

         c.         Plaintiff is advised that a motion for summary judgment under Rule 56 of

---

[4] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

5

the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is supported properly by declarations (or other sworn testimony), you cannot simply rely on what your SAC says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that—in the rare event that Defendants argue that the failure to exhaust is clear on the face of the SAC—a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents—documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your SAC insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

(The notices above do not excuse Defendants' obligation to serve similar notices again

6

concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

    d. Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

    e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

  5. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

  6. All communications by Plaintiff with the Court must be served on Defendants or Defendants' counsel, once counsel has been designated, by mailing a true copy of the document to them.

  7. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11, a party proceeding pro se whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

  8. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

IT IS SO ORDERED.

Dated: July 5, 2018

               _____
               YVONNE GONZALEZ ROGERS
               United States District Judge

7