| | |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | NORTHERN DISTRICT OF CALIFORNIA |

| | | |
|---|---|---|
| HENRY DESEAN ADAMS, | | Case No. 17-cv-00327-YGR (PR) |
| Plaintiff, | | |
| v. | | **NOTICE REGARDING INABILITY TO SERVE DEFENDANTS MDF PILL CALL NURSING STAFF NURSES SAHARA, SAMARIA, VINCE, AND JENNIFER** |
| DR. JESSICA HAMILTON, et al., | | |
| Defendants. | | |

This Order addresses issues regarding service in the above-captioned action. The operative complaint is the Second Amended Complaint ("SAC"). Dkt. 17. In his SAC, Plaintiff, who is currently incarcerated at Martinez Detention Facility ("MDF"), named the following Defendants: MDF Medical Director Jessica Hamilton; MDF Nurse Provider Paul Manaut; and MDF Pill Call Nursing Staff Nurses Stephanie, Marytest, Mary, Sahara, Samaria, Vince, and Jennifer. *Id.* at 1. Plaintiff seeks monetary damages. *Id.* at 3.

On July 5, 2018, the Court issued its Order of Service upon determining that, liberally construed, Plaintiff's allegations that the named Defendants failed to provide adequate medical treatment stated cognizable Eighth Amendment claims of deliberate indifference to his serious medical needs. *See* Dkt. 20. The Court ordered service on Defendants Hamilton, Manaut, and MDF Pill Call Nursing Staff Nurses Stephanie, Marytest, Mary, Sahara, Samaria, Vince, and Jennifer. *Id.* at 4.

Service has been effective on Defendants Hamilton and Manaut as well as Defendants MDF Pill Call Nursing Staff Nurses "Stephanie, Marytest and Mary," whose full names are Stephanie Monahan, Maritess Rayrao, and Mary Bolds, respectively. *See* Dkts. 25-28.

However, service has been ineffective on Defendants MDF Pill Call Nursing Staff Nurses Sahara, Samaria, Vince, and Jennifer. To date, the Court has not received waivers from these Defendants.

As Plaintiff is proceeding *in forma pauperis*, he is responsible for providing the Court with current addresses for all Defendants so that service can be accomplished. *See Walker v. Sumner*,

14 F.3d 1415, 1422 (9th Cir. 1994); *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990). While Plaintiff may rely on service by the United States Marshal, or in this case, the procedure for requesting a defendant to waive the service requirement, "a plaintiff may not remain silent and do nothing to effectuate such service." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). When advised of a problem accomplishing service, a *pro se* litigation must "attempt to remedy any apparent defects of which [he] has knowledge." *Id.* Pursuant to Federal Rule of Civil Procedure 4(m), if a complaint is not served within 90 days from the filing of the complaint, it may be dismissed without prejudice for failure of service. Fed. R. Civ. P. 4(m) (providing that if service of the summons and complaint is not made upon a defendant in 90 days after the filing of the complaint, the action must be dismissed without prejudice as to that defendant absent a showing of "good cause"); *see also Walker*, 14 F.3d at 1421-22 (prisoner failed to show cause why prison official should not dismissed under Rule 4(m) because prisoner did not prove that he provided marshal with sufficient information to serve official).

No later than **twenty-eight (28) days** from the date of this Order, Plaintiff must provide the Court with the full names and current addresses for Defendants MDF Pill Call Nursing Staff Nurses Sahara, Samaria, Vince, and Jennifer. Plaintiff should review the federal discovery rules, Rules 26-37 of the Federal Rules of Civil Procedure, for guidance about how to determine the current address of the aforementioned Defendants.

If Plaintiff fails to provide the Court with the full names and current addresses of the aforementioned Defendants within the twenty-eight-day deadline, all claims against them will be dismissed without prejudice under Rule 4(m).

IT IS SO ORDERED.

Dated: November 19, 2018

_____
YVONNE GONZALEZ ROGERS
United States District Court Judge

2