UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY DESEAN ADAMS,<br>Plaintiff,<br>v.<br>DR. JESSICA HAMILTON, et al.,<br>Defendants. | Case No. 17-cv-00327-YGR (PR)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL; AND ADDRESSING PLAINTIFF'S MOTION FOR EXTENSION OF TIME** |

Plaintiff requests the appointment of counsel to represent him in this action, or, in the alternative, an extension of time to retain counsel. Dkt. 46. Also pending in this matter are Defendants' motion for summary judgment and their related administrative motions to file under seal. Dkts. 33, 34, 41.

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in section 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id*. at 1525; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under section 1915. *See id*.

The Court finds that exceptional circumstances entitling Plaintiff to court appointed counsel do not exist. The likelihood of Plaintiff's success on the merits cannot be ascertained at this point in the proceedings, and the legal issues are not complex. Accordingly, the request for appointment of counsel is DENIED without prejudice. Dkt. 46.

In the alternative, Plaintiff requests a ninety-day extension of time in which to retain

counsel in this matter. Dkt. 46. As mentioned above, Defendants' motion for summary judgment is pending in this matter. Plaintiff did not file an opposition to that motion. The deadline for Plaintiff's opposition was December 4, 2018, and thus his opposition is long overdue. It seems that Plaintiff may also be seeking to have the deadline for his opposition extended by ninety days.

First, there is no deadline for Plaintiff to retain counsel in this matter; he may do so whenever he chooses. As a result, there is no need for an extension of time to retain counsel. If, however, Plaintiff is seeking a ninety-day extension of the December deadline by which his opposition to Defendants' motion is due, such a request is DENIED as Plaintiff has provided no reason justifying such further delay. As of the December deadline, Plaintiff will have had approximately ten months since the filing of this action in which to retain counsel. To date, Plaintiff will have had almost four months since the filing of Defendants' motion for summary judgment in which to prepare a response. Moreover, while Plaintiff has listed names of various law firms, he has not identified any particular attorney he plans to retain, nor has he explained how extending the deadline for his opposition an additional ninety days will enable him to retain counsel. Therefore, Plaintiff's request for a ninety-day extension of time is DENIED.

However, the Court finds a brief extension of time is warranted. The Court GRANTS Plaintiff a twenty-eight-day extension of time in which to file his opposition to Defendants' motion for summary judgment. Thus, the time in which Plaintiff may file his opposition will be extended up to and including **twenty-eight (28) days** from the date of this Order. Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

The Court further notes that Plaintiff's response to its "Notice Regarding Inability To Serve Defendants [Martinez Detention Facility ("MDF")] Pill Call Nursing Staff Nurses Sahara, Samaria, Vince, and Jennifer," *see* dkt. 45, is also overdue. The Court finds that an extension of time is warranted in order to give Plaintiff an opportunity to respond. No later than **twenty-eight (28) days** from the date of this Order, Plaintiff must provide the Court with the full names and current addresses for Defendants MDF Pill Call Nursing Staff Nurses Sahara, Samaria, Vince, and Jennifer, as directed below.

**CONCLUSION**

For the reasons outlined above, the Court orders as follows:

1. Plaintiff's request for appointment of counsel is DENIED without prejudice. Dkt. 46.

2. Plaintiff's request for a ninety-day extension of time in which to retain counsel in this matter is DENIED. Dkt. 46. Again, there is no deadline for Plaintiff to retain counsel in this matter; he may do so whenever he chooses.

3. Plaintiff's request for a ninety-day extension of time to file his opposition to Defendants' motion for summary judgment is DENIED. Dkt. 46. However, the Court GRANTS Plaintiff a twenty-eight-day extension of time in which to file his opposition. The time in which Plaintiff may file his opposition will be extended up to and including **twenty-eight (28) days** from the date of this Order. Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

4. The Court GRANTS Plaintiff a brief extension of time to respond to its "Notice Regarding Inability To Serve Defendants MDF Pill Call Nursing Staff Nurses Sahara, Samaria, Vince, and Jennifer." No later than **twenty-eight (28) days** from the date of this Order, Plaintiff must provide the Court with the full names and current addresses for Defendants MDF Pill Call Nursing Staff Nurses Sahara, Samaria, Vince, and Jennifer. Plaintiff should review the federal discovery rules, Rules 26-37 of the Federal Rules of Civil Procedure, for guidance about how to determine the current address of the aforementioned Defendants. **If Plaintiff fails to provide the Court with the full names and current addresses of the aforementioned Defendants within the twenty-eight-day deadline, all claims against them will be dismissed without prejudice under Rule 4(m).**

5. This Order terminates Docket No. 46.

IT IS SO ORDERED.

Dated: April 4, 2019

_____
YVONNE GONZALEZ ROGERS
United States District Judge

3